**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division**

| | |
|---|---|
| ONE PLUS CORP.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARATHON EQUIPMENT COMPANY (DELAWARE),<br><br>　　　　　Defendant. | Civil Action No.<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, One Plus Corp. ("One Plus" or "Plaintiff"), alleges the following for its complaint of patent infringement against Marathon Equipment Company (Delaware) ("Marathon" or "Defendant").

**NATURE OF THE ACTION**

This is an action for patent infringement of (1) United States Patent No. 6,360,186 entitled "Systems for Remote Management of a Network of Waste Containers" ("the '186 Patent"), (2) United States Patent No. 6,408,261 entitled "Systems for Remote Management of a Network of Waste Containers" ("the '261 Patent"), and (3) United States Patent No. 6,687,656 entitled "Systems for Remote Management of a Network of Waste Containers" ("the '656 Patent"), each owned by One Plus, under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.* True and correct copies of each Patent ("the patents-in-suit") are attached hereto as Exhibits A – C.

## THE PARTIES

1. Plaintiff One Plus is an Illinois corporation with a principal place of business at 3182 MacArthur Blvd., Northbrook, Illinois 60062. One Plus manufactures and sells and is a leading provider of systems for monitoring and controlling waste compactors, and related products.

2. On information and belief, Defendant Marathon is a corporation organized and existing under the laws of Delaware, with a place of business at P.O. Box 1798, County Road 9, Vernon, AL 35592-1798, and with operations in Downers Grove, Illinois.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendant has transacted business in the State of Illinois and Defendant has committed and continues to commit acts of patent infringement in Illinois, and Defendant has a regular and established place of business in this Judicial District.

6. Upon information and belief, this Court has personal jurisdiction over the Defendant at least because the Defendant transacts business in the State of Illinois, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein, and (ii) regularly doing or soliciting business in Illinois, engaging in other persistent courses of conduct, maintaining continuous and systematic contacts in Illinois, purposefully availing itself

of the privileges of doing business in Illinois, and/or deriving substantial revenue from goods and services provided to individuals in Illinois.

7. Upon information and belief, Defendant is a wholly owned subsidiary of, and one of several companies within the "Environmental Solutions Group" of, Dover Corporation ("Dover"). *See* Exhibit D, "Environmental Solutions Group Overview Brochure," http://www.doveresg.com/sites/default/files/ESG_Overview_Brochure_043010(f).pdf. According to Defendant's website, Dover is headquartered in Downers Grove, Illinois, where Defendant conducts business. *See* Exhibit E, "About Marathon Equipment," http://www.marathonequipment.com/about.

8. Defendant, and its affiliates, utilize an international salesforce to distribute their infringing and other products. For example, customers can locate and contact Defendant's salespersons through a "Marathon Salesperson Locator," available for use on Defendant's website. *See* Exhibit F, "Marathon Home Page," http://www.marathonequipment.com/. Defendant's salesperson and distribution network includes all of Illinois, including this District. By way of example, according to Defendant's "Salesperson Locator," salesperson Darrel Ruh represents all of Illinois for Defendant's compaction products, including infringing and related products. *See* Exhibit G, "ESG Dealer Locator – Marathon Compaction," http://locator.doveresgevents.com/. Similarly, according to Defendant's "Salesperson Locator," salesperson Gary Brooks represents all of Illinois for Defendant's recycling products, including infringing and related products. *See* Exhibit H, "ESG Dealer Locator – Marathon Recycling," http://locator.doveresgevents.com/.

9. Further, upon information and belief, Defendant regularly and consistently advertises, sells, and/or offers for sale its infringing and related products, including the accused

Pandora Remote Monitoring System product, in this District. By way of example, in the summer of 2015, Defendant and its affiliates, by and through its agents and/or employees Ken Beaver, Gary Brooks, and James Robbins, attended the Waste 360 Recycling Summit in Chicago, Illinois. *See* Exhibit I, "Waste 360 Recycling Summit in Chicago, IL," http://www.marathonequipment.com/news/2015/09/waste-360-recycling-summit-chicago-il. Defendant's agents and/or employees Ken Beaver and Gary Brooks participated in a panel discussion regarding automated curbside collection. *See id.*; *see also* Exhibit J, "Marathon Equipment Facebook Page," https://www.facebook.com/MarathonEquipmentCo/. Further, according to Defendant's Facebook Page, Defendant's agent and/or employee Al Curtis attended and exhibited products at the 2015 Asphalt Shingle Recycling Forum in Chicago, IL. *See* Exhibit J, "Marathon Equipment Facebook Page," https://www.facebook.com/MarathonEquipmentCo/. Defendant does business in this District, is committing acts of infringement in this District, and has a regular and established place of business in this District. Further, upon information and belief, Defendant has sold and/or offered for sale the accused Pandora Remote Monitoring System product in this District.

**THE PATENTS-IN-SUIT**

10. One Plus is and has been at all relevant times the owner by assignment of the '186 Patent, entitled "Systems for Remote Management of a Network of Waste Containers," which the United States Patent and Trademark Office duly issued on March 19, 2002. A true and correct copy of the '186 Patent is attached hereto as Exhibit A.

11. The inventions of the '186 Patent are applicable to systems and methods for remotely managing or monitoring waste container networks.

4

12. One Plus is and has been at all relevant times the owner by assignment of the '261 Patent, entitled "Systems for Remote Management of a Network of Waste Containers," which the United States Patent and Trademark Office duly issued on June 18, 2002. A true and correct copy of the '261 Patent is attached hereto as Exhibit B.

13. The inventions of the '261 Patent are applicable to systems for remotely managing waste container networks.

14. One Plus is and has been at all relevant times the owner by assignment of the '656 Patent, entitled "Systems for Remote Management of a Network of Waste Containers," which the United States Patent and Trademark Office duly issued on February 3, 2004. A true and correct copy of the '656 Patent is attached hereto as Exhibit C.

15. The inventions of the '656 Patent are applicable to systems and methods for remotely managing waste container networks.

## DEFENDANT'S INFRINGING ACTIVITIES

16. Defendant is a manufacturer of waste and recycling equipment. Upon information and belief, with knowledge of the '186, '261, and '656 patents, Defendant owns, operates, sells, offers for sale and/or disseminates or makes available for dissemination waste and recycling systems and equipment, including systems and equipment for remotely managing and/or monitoring waste container networks, which implement, among other things, the technology embodied by one or more claims of the '186, '261, and '656 patents.

17. By way of example, Defendant purchases, licenses, or otherwise acquires, and subsequently owns, operates, sells, offers for sale, imports, and or disseminates or makes available for dissemination and use a system it sells under the trade name Pandora Remote Monitoring System. Defendant's Pandora Remote Monitoring System includes the Pandora

5

Intelligent Networks™ System developed by Pragmatech, Ltd. combined with one or more waste containers or compactors, which may include, for example, the Defendant's RamJet™ compactors. As described by Defendant:



Exhibit K, "Pandora Remote Monitoring System Brochure."

18. Defendant's Pandora Remote Monitoring System measures and monitors, among other things, status information of waste containers such as waste container or compactor fullness, *i.e.*, when the waste container or compactor is approaching full of waste or trash. *See* Exhibit K, "Pandora Remote Monitoring System Brochure."

19. Pragmatech, Ltd. graphically describes its Pandora Intelligent Networks™ system, which is integrated into the Defendant's Pandora Remote Monitoring System, as follows:





7

Exhibit L, "Application of Real Time Wireless Equipment Monitoring to Waste Management Optimization & Short Term Savings."

20. Defendant's Pandora Remote Monitoring System further communicates and/or displays, or causes to communicate or display, among other things, status information of waste containers or compactors such as waste container or compactor fullness. Defendant's Pandora Remote Monitoring System also communicates and/or displays, or causes to communicate or display, such status information of waste containers or compactors to a various types of display devices, such as a desktop computer and/or a mobile PC, tablet, or smart phone, as shown graphically by Defendant:



See Exhibit K, "Pandora Remote Monitoring System Brochure."

8

21. By way of example, Defendant's Pandora Remote Monitoring System communicates and/or displays or causes to communicate and/or display status information of waste containers or compactors, including waste container or compactor fullness, individual compactor/baler performance data, bale counts of multiple materials, motor overloads, power supply, *i.e.,* ON or OFF, low oil in hydraulic reservoir, system pressure, and operating times and cycles. *See* Exhibit K, "Pandora Remote Monitoring System Brochure." Such status information of waste containers or compactors may further include waste container or compactor weight, event descriptions such as power failures and pickups, equipment location or equipment GPS tracking, waste container or compactor free space, cycles remaining, and days remaining, and bin pickup percentage across organization and monthly bin pickup percentage across organization.

## NOTICE TO DEFENDANT

22. Plaintiff has at all relevant times marked, and continues to mark, its patent numbers, including the numbers of all of the patents-in-suit, on the literature for its products, and on the websites for its products.

23. On November 3, 2015, One Plus sent Defendant a letter specifically identifying United States patents owned by One Plus, including specifically the patents-in-suit, and expressly put Defendant on notice of One Plus's Patent rights.

24. Upon information and belief, Defendant is and has been at all relevant times aware of and familiar with the patented One Plus technology. By way of example, the One Plus web page describing the One Plus Waste Edge® products believed to be covered by the patents-in-suit states, "The Waste Edge Systems are so unique, One Plus has been awarded nine US patents." Exhibit M, http://onepluscorp.com/about-us. Moreover, each Specification sheet for

each One Plus product includes the One Plus patents that are believed to cover that product, each of which is, and has been at all relevant times, available on the One Plus website. Exhibit N (Specification sheets for One Plus Waste Edge®, Waste View®, Packer Alert™ and Alert Plus™ products). Upon information and belief, Defendant Marathon is and at all relevant times has been fully aware of the patents and the patented technology of One Plus.

25. Defendant does not have a license to the '186, '261, and '656 patents.

26. An actual controversy of such immediacy and reality as to warrant immediate injunctive relief exists between One Plus and Defendant, as discussed in more detail below.

## COUNT I:
## INFRINGEMENT OF THE '186 PATENT

27. The allegations of preceding paragraphs 1-26 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

28. Under 35 U.S.C. § 271, Defendant has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '186 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Pandora Remote Monitoring System and related products and services.

29. Upon information and belief, under 35 U.S.C. § 271, Defendant's making, using, offering to sell, and/or selling within the United States, and/or importing into the United States its Pandora Remote Monitoring System before the expiration of the '186 Patent constitutes direct infringement of one or more claims of the '186 Patent.

30. Upon information and belief, Defendant, with knowledge of the '186 Patent, and without authority, has actively induced, and continues to induce, direct infringement by its customers of at least one or more claims of the '186 Patent, in violation of 35 U.S.C. § 271(b),

by intentionally inducing the use of the Pandora Remote Monitoring System and related products and services, intending to encourage, and in fact encouraging customers to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '186 Patent.

31. Upon information and belief, as part of and as a result of Defendant's inducement, Defendant's customers have used, and continue to use, the Pandora Remote Monitoring System and related products and services to monitor and manage waste container networks, which represents direct infringement, either literal or under the doctrine of equivalents, of one or more claims of the '186 Patent.

32. Upon information and belief, Defendant actively induces infringement by making, using, offering, and disseminating into the stream of commerce the Pandora Remote Monitoring System and related products, as well as by operating, supporting, maintaining, and otherwise encouraging the use of the Pandora Remote Monitoring System and related products, for example by publishing literature encouraging the use of the Pandora Remote Monitoring System and related products in ways that infringe one or more claims of the '186 Patent. In addition, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions induced direct infringement since at least as of November 3, 2015, when One Plus gave express notice to Defendant of the patents-in-suit and put Defendant on notice of One Plus's Patent Rights, or since at least as of the filing date of this Complaint.

33. Upon information and belief, Defendant, with knowledge of the '186 Patent, and without authority, has also contributed to, and is contributing to, direct infringement, either literal or under the doctrine of equivalents, by its customers of one or more claims of the '186 Patent, in violation of 35 U.S.C.§ 271(c). For example, upon information and belief, Defendant

has contributed to, and is contributing to, direct infringement of the '186 Patent by making, using, offering, disseminating, operating, supporting, maintaining, and otherwise encouraging the use of the Pandora Remote Monitoring System and related products, and/or through the importation the Pandora Remote Monitoring System and related products before the expiration of the '186 Patent. Given the unique systems and methods claimed in the '186 Patent, the Pandora Remote Monitoring System and related products have no substantial non-infringing use. In addition, upon information and belief, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions contributed to direct infringement since at least as of November 3, 2015, when One Plus gave express notice to Defendant of the patents-in-suit and put Defendant on notice of One Plus's Patent Rights, or since at least as of the filing date of this Complaint.

34. Plaintiff believes that Defendant will continue to infringe the '186 Patent unless and until Defendant is enjoined by this Court.

35. Defendant, by way of its infringing activities, has caused and continues to cause One Plus to suffer damages in an amount to be determined, and has caused and is causing One Plus irreparable harm in the form of at least lost market share and loss of good will. One Plus has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '186 Patent, One Plus will continue to suffer irreparable harm.

36. One Plus is entitled to recover from Defendant the damages at least in an amount adequate to compensate for such infringement, which amount has yet to be determined.

## COUNT II:
## INFRINGEMENT OF THE '261 PATENT

37. The allegations of preceding paragraphs 1-36 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

38. Defendant has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '261 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Pandora Remote Monitoring System and related products and services.

39. Upon information and belief, under 35 U.S.C. § 271, Defendant's making, using, offering to sell, and/or selling within the United States, and/or importing into the United States its Pandora Remote Monitoring System before the expiration of the '261 Patent constitutes direct infringement of one or more claims of the '261 Patent.

40. Upon information and belief, Defendant, with knowledge of the '261 Patent, and without authority, has actively induced, and continues to induce, direct infringement by its customers of at least one or more claims of the '261 Patent, in violation of 35 U.S.C. § 271(b), by intentionally inducing the use of the Pandora Remote Monitoring System and related products, intending to encourage, and in fact encouraging customers to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '261 Patent.

41. Upon information and belief, as part of and as a result of Defendant's inducement, Defendant's customers have used, and continue to use, the Pandora Remote Monitoring System and related products to monitor and manage waste container networks, which represents direct infringement, either literal or under the doctrine of equivalents, of one or more claims of the '261 Patent.

42. Upon information and belief, Defendant actively induces infringement by making, using, offering, and disseminating into the stream of commerce the Pandora Remote

13

Monitoring System and related products, as well as by operating, supporting, maintaining, and otherwise encouraging the use of the Pandora Remote Monitoring System and related products, for example by publishing literature encouraging the use of the Pandora Remote Monitoring System and related products in ways that infringe one or more claims of the '261 Patent. In addition, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions induced direct infringement since at least as of November 3, 2015, when One Plus gave express notice to Defendant of the patents-in-suit and put Defendant on notice of One Plus's Patent Rights, or since at least as of the filing date of this Complaint.

   43. Upon information and belief, Defendant, with knowledge of the '261 Patent, and without authority, has also contributed to, and is contributing to, direct infringement, either literal or under the doctrine of equivalents, by its customers of one or more claims of the '261 Patent, in violation of 35 U.S.C. § 271(c). For example, upon information and belief, Defendant has contributed to, and is contributing to, direct infringement of the '261 Patent by making, using, offering, disseminating, operating, supporting, maintaining, and otherwise encouraging the use of the Pandora Remote Monitoring System and related products, and/or through the importation the Pandora Remote Monitoring System and related products before the expiration of the '261 Patent. Given the unique systems claimed in the '261 Patent, the Pandora Remote Monitoring System and related products have no substantial non-infringing use. In addition, upon information and belief, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions contributed to direct infringement since at least as of November 3, 2015, when One Plus gave

express notice to Defendant of the patents-in-suit and put Defendant on notice of One Plus's Patent Rights, or since at least as of the filing date of this Complaint.

44. Plaintiff believes that Defendant will continue to infringe the '261 Patent unless and until Defendant is enjoined by this Court.

45. Defendant, by way of its infringing activities, has caused and continues to cause One Plus to suffer damages in an amount to be determined, and has caused and is causing One Plus irreparable harm in the form of at least lost market share and loss of good will. One Plus has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '261 Patent, One Plus will continue to suffer irreparable harm.

46. One Plus is entitled to recover from Defendant the damages at least in an amount adequate to compensate for such infringement, which amount has yet to be determined.

## COUNT III:
## INFRINGEMENT OF THE '656 PATENT

47. The allegations of preceding paragraphs 1-46 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

48. Defendant has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '656 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Pandora Remote Monitoring System and related products and services.

49. Upon information and belief, under 35 U.S.C. § 271, Defendant's making, using, offering to sell, and/or selling within the United States, and/or importing into the United States its Pandora Remote Monitoring System before the expiration of the '656 Patent constitutes direct infringement of one or more claims of the '656 Patent.

50. Upon information and belief, Defendant, with knowledge of the '656 Patent, and without authority, has actively induced, and continues to induce, direct infringement by its customers of at least one or more claims of the '656 Patent, in violation of 35 U.S.C. § 271(b), by intentionally inducing the use of the Pandora Remote Monitoring System and related products, intending to encourage, and in fact encouraging customers to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '656 Patent.

51. Upon information and belief, as part of and as a result of Defendant's inducement, Defendant's customers have used, and continue to use, the Pandora Remote Monitoring System and related products to monitor and manage waste container networks, which represents direct infringement, either literal or under the doctrine of equivalents, of one or more claims of the '656 Patent.

52. Upon information and belief, Defendant actively induces infringement by making, using, offering, and disseminating into the stream of commerce the Pandora Remote Monitoring System and related products, as well as by operating, supporting, maintaining, and otherwise encouraging the use of the Pandora Remote Monitoring System and related products, for example by publishing literature encouraging the use of the Pandora Remote Monitoring System and related products in ways that infringe one or more claims of the '656 Patent. In addition, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions induced direct infringement since at least as of November 3, 2015, when One Plus gave express notice to Defendant of the patents-in-suit and put Defendant on notice of One Plus's Patent Rights, or since at least as of the filing date of this Complaint.

53. Upon information and belief, Defendant, with knowledge of the '656 Patent, and without authority, has also contributed to, and is contributing to, direct infringement, either literal or under the doctrine of equivalents, by its customers of one or more claims of the '656 Patent, in violation of 35 U.S.C.§ 271(c). For example, upon information and belief, Defendant has contributed to, and is contributing to, direct infringement of the '656 Patent by making, using, offering, disseminating, operating, supporting, maintaining, and otherwise encouraging the use of the Pandora Remote Monitoring System and related products, and/or through the importation the Pandora Remote Monitoring System and related products before the expiration of the '656 Patent. Given the unique systems and methods claimed in the '656 Patent, the Pandora Remote Monitoring System and related products have no substantial non-infringing use. In addition, upon information and belief, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions contributed to direct infringement since at least as of November 3, 2015, when One Plus gave express notice to Defendant of the patents-in-suit and put Defendant on notice of One Plus's Patent Rights, or since at least as of the filing date of this Complaint.

54. Plaintiff believes that Defendant will continue to infringe the '656 Patent unless and until Defendant is enjoined by this Court.

55. Defendant, by way of its infringing activities, has caused and continues to cause One Plus to suffer damages in an amount to be determined, and has caused and is causing One Plus irreparable harm in the form of at least lost market share and loss of good will. One Plus has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '656 Patent, One Plus will continue to suffer irreparable harm.

17

56. One Plus is entitled to recover from Defendant the damages at least in an amount adequate to compensate for such infringement, which amount has yet to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, One Plus respectfully requests that this Court enter judgment in its favor as follows:

A. Holding that Defendant has directly infringed, literally and/or under the doctrine of equivalents, and has indirectly infringed one or more of the claims of One Plus's United States Patent No. 6,360,186;

B. Holding that Defendant has directly infringed, literally and/or under the doctrine of equivalents, and has indirectly infringed one or more of the claims of One Plus's United States Patent No. 6,408,261;

C. Holding that Defendant has directly infringed, literally and/or under the doctrine of equivalents, and has indirectly infringed one or more of the claims of One Plus's United States Patent No. 6,687,656;

D. Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, affiliates, joint venturers, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of any of One Plus's Patents;

E. Permanently enjoining the infringing manufacture, use, offering for sale, and/or importation of products and services by Defendant;

F. Holding that Defendant's infringement is and has been willful;

G. Awarding to One Plus the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date

Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

H. Increasing the damages accordingly, pursuant to 35 U.S.C. § 284;

I. Declaring this to be an exceptional case and awarding One Plus's attorneys' fees under 35 U.S.C. § 285;

J. Awarding One Plus costs and expenses in this action;

K. Awarding One Plus pre- and post-judgment interest on its damages; and

L. Awarding One Plus such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

One Plus Corp. under Rule 38 of the Federal Rules of Civil Procedure requests a trial by jury of any and all issues so triable.

Dated: December 16, 2015
Chicago, Illinois

McANDREWS, HELD, & MALLOY, LTD.

By: /s/ James P. Murphy
James P. Murphy, Esq.
Robert F. Kappers, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Tel: (312) 775-8000
Fax: (312) 775-8100
Email: jmurphy@mcandrews-ip.com
Email: rkappers@mcandrews-ip.com,

Attorneys for Plaintiff
ONE PLUS CORP.